IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GREEN TREE SERVICING LLC**,

      Plaintiff,

  v.

**CARL JAMES TRUJILLO**,

      Defendant.

No. 3:18-cv-01146-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Defendant Carl James Trujillo removed this case from Clackamas County Circuit Court. Plaintiff Green Tree Servicing comes before the Court seeking remand of this case back to the Clackamas County Circuit Court. For the reasons set forth below, I GRANT Plaintiff's Motion for Remand to State Court [6].

## BACKGROUND

    Plaintiff originally filed a complaint for judicial foreclosure on real property located in Oregon in Clackamas County Circuit Court in August 2015. The state court granted Plaintiff's Motion for Summary Judgment against Defendant in May 2017. Defendant filed a Notice of Removal [1] from the Clackamas County Circuit Court on June 27, 2018.

## LEGAL STANDARD

    "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "The removal statute is strictly construed, and any doubt about the right of removal

1 – OPINION AND ORDER

requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**DISCUSSION**

**I.     Defendant's Removal is Untimely**

A defendant must file a notice of removal of a civil action within 30 days of defendant receiving notice of the initial pleading. 28 U.S.C. § 1446(b)(1). The state court docket indicates that Plaintiff served Defendant with the initial pleading on August 27, 2015. As that was more than three years ago, Defendant's removal to federal court is untimely.

**II.    This Court Lacks Subject Matter Jurisdiction**

A civil action may be removed to federal court if the district court to which it is removed would have had original jurisdiction. 28 U.S.C. § 1441(a). Lack of subject matter jurisdiction cannot be waived. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17–18 (1951). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A.     The Initial Pleading Lacks Federal Question Jurisdiction

28 U.S.C. § 1441 allows a defendant to remove an action to federal district court if the court would have had original jurisdiction over the claim. Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Plaintiff's complaint is a state law claim for

foreclosure. Mot. Remand [6] at 2. Defendant attempts to declare federal question jurisdiction by claiming that he is a surety for the non-charitable irrevocable trust titled "CARL JAMES TRUJILLO," and that he is acting as an "intervenor/interpleader" in the foreclosure case. Intervenor's Notice of Removal to Fed. Jurisdiction ("Notice of Removal") [1] at 1.

Defendant asserts federal jurisdiction under 28 U.S.C. § 1335. Defendant claims he is an intervenor compelled to answer as a surety on behalf of Defendant and further attempts to interplead all claims. Notice of Removal [1] at 3. Defendant has not provided any evidence that he is functioning as a trust, an intervenor, nor made clear what would be interpleaded in this case. As Defendant bears the burden of proving removal is appropriate, Defendant has failed to demonstrate jurisdiction under section 1335.

Defendant next argues that this Court has jurisdiction under 28 U.S.C. § 1333(2) because the foreclosure in question constitutes a proceeding "for the condemnation of property taken as a prize." Notice of Removal [1] at 2. But Defendant is mistaken about the jurisdiction conferred by section 1333(2). The "prizes" referred to are maritime prize cases, as section 1333 deals with federal jurisdiction over admiralty law. Therefore, Defendant has failed to demonstrate jurisdiction under section 1333.

### B. Removal Based on Diversity Jurisdiction is Improper

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). A civil action removed solely on diversity jurisdiction under 28 U.S.C. § 1332(a) may not be removed if the defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2).

Defendant argues that Plaintiff is an unregistered foreign agent, that Defendant is a vessel of the United States insured by the State of Wyoming, and that Defendant is a citizen of Wyomin for diversity purposes. Notice of Removal [1] at 2. Defendant provides no supporting evidence of these claims, failing to meet his burden. Further, Defendant's Notice of Removal and all documents associated with this case list Defendant's address as an Oregon address. Because a defendant who is a citizen of the state in which the action is brought cannot remove to federal district court, removal under diversity jurisdiction is not appropriate in this case.

## CONCLUSION

For the aforementioned reasons, I find that this court lacks jurisdiction and GRANT Plaintiff's Motion to Remand to State Court [6]. It is ordered that the above-captioned matter be REMANDED to the Clackamas County Circuit Court. Pending motions, if any, are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this  2nd  day of October, 2018.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge